**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **JESSICA MARSHALL,** | § § § § § § § § § § § § | **Civil Action No.:** |
| Plaintiff, | | |
| v. | | |
| **MEDICREDIT, INC.,** | | **JURY TRIAL DEMANDED** |
| Defendants. | | |

## COMPLAINT

JESSICA MARSHALL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq* and the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Houston, Texas 77035.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 3 Cityplace Drive, Suite 690, St. Louis, Missouri 63141.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this number as a cellular telephone number.

15. The alleged debt at issue arose out of transactions pertaining to a medical debt from Austin Regional Hospital that was primarily for personal, family or household purposes.

16. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt.

17. Beginning sometime during the month of July 2014 and continuing through July 2016, Defendant contacted Plaintiff by calling her cellular telephone in its attempts to collect a debt.

18. Plaintiff received automated calls from Defendant.

19. The automated calls would begin with a pre-recorded message.

20. Defendant's representatives have contacted Plaintiff from the following phone number: (800) 823-2318.  The undersigned has confirmed that this phone number belongs to the Defendant.

21. During the phone calls, representatives of the Defendant asked to speak to Plaintiff regarding the alleged consumer debt.

22.  Plaintiff spoke to Defendant's representatives and told them to stop calling her sometime in July 2014 after the calls began.

23. Defendant has threatened to take Plaintiff to court, garnish her wages and report the debt to credit reporting agency during these calls.

24. Defendant contacted Plaintiff at various times before 8 AM and after 9 PM at times known to be inconvenient for calls.

25. Defendant contacted Plaintiff's friend, Billie Perry, in July 2015 in an attempt to locate her whereabouts.  This contact was highly embarrassing to Plaintiff.

26. The contact was also unnecessary as Defendant had already been in touch with Plaintiff and knew that she did not want its calls.

## COUNT I
## DEFENDANT VIOLATED §1692c(a)(1) OF THE FDCPA

27. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer before 8:00 AM and/or after 9:00 PM local time at the consumer's location.

28. Defendant violated this section when it called Plaintiff's cellular telephone before 8:00 AM and after 9:00 PM within the one year preceding the filing of this Complaint.

## COUNT II
### DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

29. A debt collector violates §1692(d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

31. Defendant violated §§1692d and 1692d(5) when it placed repeated and harassing telephone calls to Plaintiff's cellular telephone, failed to stop calling upon Plaintiff's request, and when it made contact with a third party seeking information about Plaintiff after it was aware that she did not want contacts from Defendant.

## COUNT III
### DEFENDANT VIOLATED §§1692e, 1692e(5), AND 1692e(10) OF THE FDCPA

32. A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

33. A debt collector violates §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

34. A debt collector violates § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt.

35. Defendant violated §§1692e, 1692e(5) and 1692e(10) when it threatened to pursue legal action and garnish Plaintiff's wages and did not take such action nor had the intent to take such action.

### COUNT IV
### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

38. Defendant's calls to Plaintiff were not made for emergency purposes.

39. Defendant's calls to Plaintiff, on and after July 2014, were not made with Plaintiff's prior express consent.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JESSICA MARSHALL, respectfully prays for a judgment as follows:

 a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

     b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

     c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

     d.     Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

     e.     Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

     f.     Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JESSICA MARSHALL, demands a jury trial in this case.

Respectfully submitted,

Dated: May 18, 2016     By:    /s/ Amy L. Bennecoff Ginsburg, Esq.
                                         Amy L. Bennecoff Ginsburg, Esq.
                                         Kimmel & Silverman, P.C.
                                         30 East Butler Pike
                                         Ambler, PA 19002
                                         Phone: (215) 540-8888
                                         Facsimile: (877) 788-2864
                                         Email: aginsburg@creditlaw.com